**Attachment A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAZARO Quinones-Cedeno.
_____

*Your full name*

v.

M.B. Antonelli. FCC Warden
Paul Adah. FCI Warden,
E. Garcia. ex-Associate Warden
Ms. J. Ridenour, Education Specialist
_____
*Enter above the full name of defendant(s) in this action*

**FEDERAL CIVIL RIGHTS
COMPLAINT
(*BIVENS* ACTION)**

Civil Action No.: 5:20cv-198
*(To be assigned by the Clerk of Court)*

FILED

SEP 1 0 2020

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

Bailey
Mazzone
Blalock

## I.   JURISDICTION

This is a civil action brought pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).**  The Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 2201.

## II.   PARTIES

*In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided.*

A.   Name of Plaintiff: Lazaro Quinones-Ced. Inmate No.: 06288-000
Address: Federal Correctional Institution Hazelton
1640 Sky Drive, Bruceton Mills, WV. 26525

*In Item B below, place the full name of each defendant, his or her official position, place of employment, and address in the space provided.*

**Attachment A**

B.     Name of Defendant: M. B. Antonelli
       Position: FCC Warden
       Place of Employment: U.S.P. Hazelton
       Address: 1640 Sky Drive
       Bruceton Mills, W.V. 26525

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?   ☑ Yes       ☐ No

If your answer is "YES," briefly explain: He's the FCC Warden. Abuse
of Power and Authority. Obstruction of Justice, violation of Plaintiffs
Fifth Amendment Due Process Rights and retaliatory person transfer.
Allowing unprofessional conduct by staff under his Authority. He
is a mess as a warden

B.1    Name of Defendant: Paul Adams.
       Position: F.C.I. Warden
       Place of Employment: F.C.I. Hazelton.
       Address: 1640 Sky Drive
       Bruceton Mills, WV. 26525

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?   ☑ Yes       ☐ No

If your answer is "YES," briefly explain: He's Abusing his Authority
as FCI Warden. He has failed to take corrective actions to stop this
Abuse of Process and Harrassment by staff under his Authority. He is
aware of all the facts mentioned in ½ statement claim in civil
Actions No. 5:20-cv-50 and 3:20-cv-88. Conspired against E. Garcia,
except to.

B.2    Name of Defendant: E. Garcia.
       Position: ex - Associate Warden
       Place of Employment: Unknown
       Address: 1640 Sky Drive       Not longer here
       Bruceton Mills, W.V. 26525

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?   ☑ Yes       ☐ No

**Attachment A**

If your answer is "YES," briefly explain: By Acting Under his Authority, He was the one who on 10/08/19 found the box with the missing property where Plaintiff found Hidden and opened the Proposed Firing Recommendation entered in 08/26/19 belongs to Case no. 1:19-cv-00066, signed by Magistrate Judge Omar J. Aboulhosn, For the Southern Dist. of W.V. (Bluefield Division)

B.3   Name of Defendant: MS. M. Bluehling.
Position: Education Specialist.
Place of Employment: F.C.I. Hazelton
Address: 1640 Sky Drive
Bruceton Mills, W.V. 26525

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes   ☐ No

If your answer is "YES," briefly explain: She's using her position to harassing And retaliating inmates (who are filing Grievances and Law-suit) 24/7 in education. She violated Plaintiff First Amendment Rights with her inflammatory acts obstructing Plaintiff Access to the court interfering with Plaintiff Legal Documents in violation of U.S. Constitution to cover up FCC Hazelton warden M.B. Antonelli, Abuse of Power And Authority.

B.4   Name of Defendant: Ms. M. Thompkis.
Position: Education Supervisor.
Place of Employment: FCI Hazelton. W.V.
Address: 1640 Sky Drive
Bruceton Mills, W.V. 26525

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes   ☐ No

If your answer is "YES," briefly explain: As Education Supervisor she has failed to take corrective action to stop her staff in Education From cease harassing and retaliating inmates who are filing complaints, filing Grievances or filed Law-suits, in support of FCC warden and FCI warden M.B. Antonelli and Ruth Adams.

**Attachment A**

B.5    Name of Defendant: _Ms. I. Ridengue_

Position: _Education Specialist._

Place of Employment: _FCI Hazelton, W.Va 26525_

Address: _1640 Sky Drive_

_Bruceton Hills, W.Va. 26525_

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes      ☐ No

If your answer is "YES," briefly explain: _She's using her position to speak abusively to inmates. She was used by her superiors to target Plaintiff on 01/15/2020, and 02/26/2020, with false, illegitimate worthless defamatory statement to cover up Mr. B. Antonelli's and Paul Adams abuse of power and authority, in order for her to be promoted to a higher position she does not qualify._

## III.    PLACE OF PRESENT CONFINEMENT

Name of Prison/ Institution: _Federal Correctional Institution Hazelton._

A.    Is this where the events concerning your complaint took place?
      ☑ Yes      ☐ No

If you answered "NO," where did the events occur?
_It started in FCI Williamsburg and spread through FCI McDowell, FCI Hazelton, W.V._

B.    Is there a prisoner grievance procedure in the institution where the events occurred?   ☑ Yes      ☐ No

C.    Did you file a grievance concerning the facts relating to this complaint in the prisoner grievance procedure?
      ☑ Yes      ☐ No

D.    If your answer is "NO," explain why not: _____
      _____
      _____ N/A _____
      _____

E.    If you answer is "YES," identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed

Attachment A

and state the result at level one, level two, and level three. **ATTACH GRIEVANCES AND RESPONSES:**

LEVEL 1   1002753-A1 Forwarded to the Special Investigative Supervisor
It went through Central Office (no results)

Level I   1005848-R1, went through Central Office (no results)

LEVEL 2   ID. 939314-R2 (no results) run around treatment from SERO IN MD.
ID.918649-A1, (Exhausted) Received response 01/15/ 2019 (see attached page 2 of 2)

LEVEL 3   ID.1011393-A1, in process in Central Office.
ID.1009125-R1 Went through Central Office (no results staterted agaimg under (BP_9) ID. 1037760-F1

## IV.   PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?   ☒ Yes   ☐ No

B.   If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

1.   Parties to this previous lawsuit:

Plaintiff(s): Lazaro Quinones-Cedeno.

Defendant(s): Ms. Barbara Rickard   Roldan Randan

2.   Court: U.S. District Court Southern Dist. of W.V. Bluefield
*(If federal court, name the district; if state court, name the county)*

3.   Case Number:   1:19-cv- 00064

4.   Basic Claim Made/Issues Raised: Violantion of Due Process
Rights. HarASSMENT and Retaliation, Abuse of Power and
Authority Retaliatory prison transfer. This action and omission
COnstitute violation of First, FIFTH, and Eight Amendmend of
the U.S. Constitution

5.   Name of Judge(s) to whom case was assigned:
Omar J. Aboulhosn  David A. Faver.

6.   Disposition:   dismissed
*(For example, was the case dismissed? Appealed? Pending?)*

7.   Approximate date of filing lawsuit:   January 25, 2019

*Continued Page(2 of 4)*

**Administrative Remedy No. 918649-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
Appeal in which you allege staff misconduct. Specifically, you
allege you were unjustly removed from your job in Food Service. For
relief, you to be placed back in a Food Service work assignment, back
pay, an investigation into your allegation, and you request staff
be placed on administrative leave pending the outcome of an
investigation.

We have reviewed documentation relevant to your appeal and, based
on the information gathered, concur with the manner in which the
Warden and Regional Director addressed your concerns at the time of
your Request for Administrative Remedy and subsequent appeal. Staff
conduct is governed by Program Statement 3420.11, <u>Standards of
Employee Conduct</u>, and the Bureau of Prisons takes seriously any
allegation of staff misconduct, such as those you raised in this
remedy cycle. We look into matters which may constitute
inappropriate conduct and refer them to another component of the
Bureau of Prisons for appropriate action. Our review reveals your
claim is without merit. As such, we find no further relief is
warranted.

Additionally, no inmate is entitled to be advised of the results of
any inquiry or any action pursued against staff. You should also
be aware such reviews may or may not include interviewing you and
no inmate is entitled to be apprised of the progress, outcome, or
disposition of any review of alleged staff misconduct. Similarly,
any action taken against staff, if any are deemed necessary, will
not be disclosed to you.

Lastly, regarding your request for compensation, Program Statement
1330.18, <u>Administrative Remedy Program</u>, does not provide such
relief. There is a statutorily-mandated procedure in place for
addressing such a request. Therefore, your request will not be
considered in this response.

Accordingly, this response is for informational purposes only.


_5 | 23 | 18_
Date

Ian Connors, Administrator
National Inmate Appeals

*01-15-2019*
*Received*

U.S. Department of Justice

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons,

*Continued Page(0 of 1)*

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

| From: | Lazaro Quinones-Cedeno. | 06288-000 | 1B-Lower | FCI. WLLMSBRG. |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** I'm appealing the Remedy <u>ID.918649-R1</u>, incident Rpt. No. <u>3039907</u>, Code 312 on <u>10/02/ 2017</u>. The UDC hearing held on <u>10/04/ 2017</u>, is being appealed for the following reasons: It has been demostrated the allegations of "STAFF MISCONDUCT" wasn't taken seriously and thoroughly reviewed. The warden responded on <u>11/21/ 2017</u>, denying my remedy finding that "KEEPING UP WITH THE MILK WAS MY JOB." However, I do not have keys to the beverage bar coolers and can't "POLICE" other inmates from stealing milk. Inmates don't provide security, correctional officers do. Staff neglected to secure bar coolers at lunch time. There's no review of the warden's response on <u>09/29/ 2017</u>, concerning the above remedy than, as requested by <u>(OIG)</u> on <u>09/15/ 2017</u>, I forwarded 27 pages of my complaints to <u>(OIA)</u>, for review and they came up missing.and as A.W. Ms. V. Moser stated on <u>10/17/ 2017</u>, in response to my request dated <u>10/03/ 2017</u>, it doesn't appears I was "INSOLENT." I've become a victim of a plot to cover up F.C.I. Bennettsville warden <u>M. Travis Bragg</u> and a conspiracy to get rid of A.W. Ms.Moser from warden <u>M.B. Antonelli</u>, captain <u>C. Jones</u>, F.S.A Ms. <u>A. Wright</u> and cook foreman <u>C. Vigoreaux</u>. Therefore, I request that you place these staff members on administrative leave without pay pending investigation, until these plot and conspiracy are clear up. Also to be reinstated to my former job and grade and compensated for lost wages from <u>10/02/ 2017</u>to the present time. Thanks.

March 28ᵗ 2018                    Sincerely,                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

APR 1 8 2018

Administrative Remedy Section
Federal Bureau of Prisons

---

DATE                                        GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                  CASE NUMBER: 918649-A1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
                LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

---

DATE                                        SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN                                                                         BP-231(13)

"IV    PREVIOUS LAWSUITS"    &CONTINUED (Page _1_ of _11_ )

1.    Parties to this previous lawsuit:

Plaintiff(s): _Lazaro Quinones- Cedeno._

Defendant(s): _Ms. Jennifer Resh. K. Bankson. Paul Adams._

2.    Court: _U.S. Dist. Court Northern Dist. of West Virginia._
       *(If federal court, name the district; if state court, name the county)*

3.    Case Number: _____ 3:20-cv-50 _____

4.    Basic Claim Made/Issues Raised: _Cruel and Unusual Treatment and_
       _deliberate indifference (standard) of the Eight Amendment._
       _Medical needs by being an indigent inmate has been denied_
       _medication, disregarded specific risk of Plaintiff Health_
       _by (Supervisor liability) Obduratly  Wantonly, etc._

5.    Name of Judge(s) to whom case was assigned:
       _____ Gina M. Groh,  Robert W. Trumble. _____

6.    Disposition: _____ Pending. _____
       *(For example, was the case dismissed?  Appealed?  Pending?)*

7.    Approximate date of filing  lawsuit: _March 18, 2020_

8.    Approximate date of disposition. Attach Copies. ___ N/A ___

"IV   PREVIOUS LAWSUITS"   CONTINUED   (Page 2 of 11 )

1.   Parties to this previous lawsuit:

   Plaintiff(s): Lazaro Quinones-Cedeno.

   Defendant(s): W. Healey, J. Handley, T. Thorne.

2.   Court: U.S. Dist. Court Northern Dist. of West Virginia.
   *(If federal court, name the district; if state court, name the county)*

3.   Case Number:           1:20-cv-48

4.   Basic Claim Made/Issues Raised: Mistreatment and discrimination
   Plaintiff was merely subject to Cruel an Unusual Punishment,
   staff acting outside their function in the kitchen chose to
   fire.

5.   Name of Judge(s) to whom case was assigned:
   Thomas S. Klech.   Michael John Aloi.

6.   Disposition:     Pending.
   *(For example, was the case dismissed? Appealed? Pending?)*

7.   Approximate date of filing lawsuit: March 18, 2020

8.   Approximate date of disposition. Attach Copies.   N/A

"IV   PREVIOUS LAWSUITS" CONTINUED (Page 3 of 11 )

1.   Parties to this previous lawsuit:

Plaintiff(s): Lazaro Quinones Cedeno.

Defendant(s): Ms. J. Ridenour, M.B. Antonelli, Paul Adams

2.   Court: U.S. Dist. Court. Northern Dist. W.V.
       *(If federal court, name the district; if state court, name the county)*

3.   Case Number:                3:20-cv-88

4.   Basic Claim Made/Issues Raised: Retaliation seeking redress
     of grievances procedure.

5.   Name of Judge(s) to whom case was assigned:
        Gine M. Groh        Robert W. Trumble.

6.   Disposition:          Pending.
       *(For example, was the case dismissed? Appealed? Pending?)*

7.   Approximate date of filing lawsuit:         June 02, 2020

8.   Approximate date of disposition. Attach Copies        N/A.

"IV   PREVIOUS LAWSUITS" CONTINUED (Page 4 of 11 )

1.   Parties to this previous lawsuit:

Plaintiff(s): Lazaro Quinones-Cedeno.

Defendant(s): C.Baker

2.   Court: U.S. Dist. Court Southern Dist. Of W.V.
    *(If federal court, name the district; if state court, name the county)*

3.   Case Number: 1:20-cv-00466

4.   Basic Claim Made/Issues Raised: Retaliation for seeking redress
    of grievances procedures.

5.   Name of Judge(s) to whom case was assigned:
    Omar J. Aboulhosn   David A. Faber.

6.   Disposition: Pending
    *(For example, was the case dismissed? Appealed? Pending?)*

7.   Approximate date of filing lawsuit: July 08, 2020

8.   Approximate date of disposition. Attach Copies   N/A

"IV   PREVIOUS LAWSUITS" CONTINUED (Page 5 of 11 )

1.   Parties to this previous lawsuit:

     Plaintiff(s): _Lazaro Quinones-Cedeno._____

     Defendant(s): _J.A. Keller._____

2.   Court: _U.S. Dist. Court Northern Dist. of West Virginia._
     *(If federal court, name the district; if state court, name the county)*

3.   Case Number: _____1:20-cv-2577_____

4.   Basic Claim Made/Issues Raised: _Retaliatory prison transfer_
     _Obstruction of Justice, violation of the Fifth Amendment_
     _Due Process Rights._____
     _____

5.   Name of Judge(s) to whom case was assigned:
     _Russell G. Vineyard.   Thomas W. Thrash._____

6.   Disposition: _____"Pending."_____
     *(For example, was the case dismissed? Appealed? Pending?)*

7.   Approximate date of filing lawsuit: _June 10, 2020._____

8.   Approximate date of disposition. Attach Copies. _N/A._____

IV. Previous Lawsuits    Continued (Page 11 of 11)    **Attachment A**

8.      Approximate date of disposition. Attach Copies: June 08, 2020

C.    Did you seek informal or formal relief from the appropriate administrative
officials regarding the acts complained of in Part B?
☑ Yes        ☐ No

D.    If your answer is "YES," briefly describe how relief was sought and the
result.  If your answer is "NO," explain why administrative relief was not
sought.
Yes, I went through all the process and still I'm doing it.
I'm being denied Eighth Amendment right to be free from
punishment that involve the necessary and wanton infliction
of pain.

E.    Did you exhaust available administrative remedies?
☑ Yes        ☑ No

F.    If your answer is "YES,", briefly explain the steps taken and attach proof of
exhaustion.  If your answer is "NO," briefly explain why administrative
remedies were not exhausted.
I understand the (BOP) remedy process and how it works, but I also
see people in authority  have discovered a way to manipulate around
the whole process, and thereby rob inmates of what is right.
Complaints are ignored, lost and thrown away. Affirmative result are
sometimes impossible to gain when one follow the normal process...
See attachment.

G.    If you are requesting to proceed in this action *in forma pauperis* under 28
U.S.C. § 1915, list each civil action or appeal you filed in any court of the
United States while you were incarcerated or detained in any facility that
was dismissed as frivolous, malicious, or for failure to state a claim upon
which relief may be granted.  Describe each civil action or appeal.  If there
is more than one civil action or appeal, describe the additional civil actions
or appeals using the same format on a separate sheet of paper which you
should attach and label "G.  PREVIOUSLY DISMISSED ACTIONS OR
APPEALS"

1.      Parties to previous lawsuit:

See continued (Pages 2-3 of 13)

seeking redress of issues. Retaliation by staff is often the means of their redress.

Acts as being put into segragation, trnsferred or even bodily injury are what is being done. I want to emphasize that people in position of authority without the character traits of discretion and prudence, are abusing the power they have to the detriment and destruction of this Administrative Remedy Process.

I understand the (FBOP) has administrative Remedy Process thought which an inmate, can have his complaint addressed but, this remedy process is a "Hurricane" of deception and chaos. Most of time we just eeget a rejection notice saying your appeal is summarily denied or rejected. In many cases the Regional director or the institution's warden ne never read the appeal. Half of time, we never know whether the Remedy Coordinator has ever read it, neither. Maybe the secretary did, and just told the Regional's director or the institution's warden to ignored it. She thinks it isn't intresting, and then the Regional's director or the institution's warden sign     the appeal without even look at it.

Even when we received written response from the Regional's Director photo copies of the envelope from the warden's office, there is only one(1) single copy of the decision from Regional's Director plus one copy of the Regional Appeal, photo copies only, never originals.

Program Statement 1330.18 expressly mandates that "Certain Additional Copies Are to be returned to the prisoners which is not done (again repeatedly) which compelled the inmate to (again) chase down an Unit Team Member to beg them to have copies that automaticly supposed to be provide to the inmate already. See "Response Distribution" in Prog. Statement #1330.18."

Plaintiff, fully understand that prison litigation Reform Act. 42 U.S.C. § (1977) (e) (A) (1996), requires that inmates (Exhaust).

CONTINUED (PAGE 2 OF 12)

Available administrative remedies prior to filing Civil Actions though the administrative Process may not affect them the relief they might obtain through Civil Proceeding.

"(A) Court may not excuse a failure to "Exhaust" because the PLRA's mandatory exhaustion scheme." [Foreclose(s) Judicial discretion. ([B] Court may not excuse a failure to exhaust, even to take especial [Circumstances] into Account.")

¿ How can the court excuse this Abuse of Power and Authority and obstruction of Due Process by Authorities in the prison to the point of putting Plaintiff Lives in Jeopardy?

When an inmate Attempt to follow the Administrative Remedy Process, the administration refuses to Allow inmates to file the Forms to Do so. So, Plaintiff knows he has a right to file his case here in Court, directly, when the inmate was prevented from filing the form to follow the administrative Remedy. As Plaintiff Already stated, he has been repeatedly threatened retaliated and harassed, when he tries to follow this Process.

So Plaintiff hereby pray this honorable court to Accept this statement as true and sworn fact. Declared under penalty of perjury in accordance with 28 U.S.C & 1746

(2-05-12)

## "G.  PREVIOUSLY DISMISSED ACTIONS OR  APPEALS"

1.   Parties to previous lawsuit:         CONTINUES  (Page 3 of 12 )

                                                            Attachment A

     Plaintiff(s):  Lazaro Quinones-Cedeno.

     Defendant(s):  Ms. Barbara Rickard.  Roldan Randan.

2.   Name and location of court and case number:
     U.S. Dist. Court Southern Dist. of W.V.
               1:19-cv-00064

3.   Grounds for dismissal:  ☐ frivolous   ☐ malicious
     ☒ failure to state a claim upon which relief may be granted

4.   Approximate date of filing lawsuit:  January 25, 2019

5.   Approximate date of disposition:  June 08, 2020


1.   Parties to previous lawsuit:

     Plaintiff(s):  Lazaro Quinones-Cedeno.

     Defendant(s):  M.B. Antonelli,  Paul Adams,  F. Garcia.

2.   Name and location of court and case number:
     U.S. District Court. Northern Dist. of W.V.
               5:20-cv-50

3.   Grounds for dismissal:   ☐ frivolous    ☐ malicious
     ☒ failure to state a claim upon which relief may be granted

4.   Approximate date of filing lawsuit:   March 16, 2020

5.   Approximate date of disposition:   May 14, 2020


CONTINED  Page 13

Attachment A

Plaintiff(s): _Lazaro Quinones- Cedeno_

Defendant(s): _Ms. M. Bluemling_

2.   Name and location of court and case number:
     _U.S. District Court._
     _Noethern District of West Virginia. Elkins Division_
     _5:20-cv-00053_

3.   Grounds for dismissal: ☐ frivolous   ☐ malicious
     ☐ failure to state a claim upon which relief may be granted

4.   Approximate date of filing lawsuit: _MARCH 18, 2020_

5.   Approximate date of disposition: _"Pending"_


V.   STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the facts of your case. Describe what each defendant did to violate your constitutional rights. **You must include allegations of specific wrongful conduct as to EACH and EVERY defendant in the complaint.** Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph. **UNRELATED CLAIMS MUST BE RAISED IN SEPARATE COMPLAINTS WITH ADDITIONAL FILING FEES. NO MORE THAN FIVE (5) TYPED OR TEN (10) NEATLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT. (LR PL 3.4.4)*

CLAIM 1: _M. D. Antonelli: Obstruction of Justice is An impeachable offence and can face serious consequences based in violation of Plaintiff Fifth Amendment Due Process Rights. It punishes Anyone who corruptly or by threats of force, retaliation, inFluence, obstruct, impede the Due Process Right. This is excellent claim based upon the Fifth Amendment of the U.S. Constitution._

Supporting Facts: _Due to remedies ID.918639-A1 and ID.938314-R2. Plaintiff_

**Attachment A**

was hit with a retaliatory prison transfer. Fear FCI Williamsburg to FCI McDowell and FCI Hazelton WV. FCI Williamsburg / FCC Hazelton WV warden M.B. Antonelli In coordination with SEGO Director in Atlanta Ga. Authorized this transfer since these Plaintiff has been in the middle of M.B. Antonelli's pandemic a virus of corruption and abuse that has been spread by asymptomatic staff under Antonelli authority trying to get away with irregularities.

CLAIM 2: Paul Adams: Neglect by Harsh Abuse of Power and Authority Obstruction of Justice, Violation of the FIFTH Amendment Due Process Rights and failing to stop retaliation by his staff. He's trying to set me up with his staff in order to get away with his irregularities. He conspired to get rid of Associate Warden E. Garcia

Supporting Facts: Paul Adams: is aware of all the facts mentioned here in this action. He has failed to take corrective action. Plaintiff is in the middle of FCI Warden Paul Adams' pandemic, a virus of corruption and abuse that has been spread by asymptomatic staff under his authority. Plaintiff regret how Paul Adams as well as M.B. Antonelli are using females staff to get away with irregularities in this federal complex.

CLAIM 3: Garcia, was striving for staff to act professionally with efficiency, effectiveness, responsiveness, productivity and integrity. He was acting F.C.I. warden when the water main break, around June 16, 2020

Supporting Facts: Ironically he is not longer working in this facility. It proves how staff was expressing their dislike and racism toward E. Garcia, through Plaintiff.

CLAIM 4: Plaintiff regret how Ms. J. Ridenour allow herself to be used to support and justify M.B. Antonelli and Paul Adams exposure and abuse of authority. The First Amendment of the constitution prohibit jail prison officials from retaliating against inmates who report complaints, filing grievances or file a law-suit. Plaintiff is of FCC Warden M.B. Antonelli and Paul Adams' pandemic, A virus of corruption and abuse that has been spread by asymptomatic staff under M.B. Antonelli and Paul Adams authority.

Supporting Facts: _____ "See Attachment"
                                        continued (Page 1 of 14)

CLAIM 4   J. RIDENOUR.   CONTINUED (PAGE 1 OF 4)

V. STATEMENT OF CLAIM. Ms. J. RIDENOUR. Education Specialist Case No. 5:20-cv-50.

It is regrettable to see how M.B. Antonelli, FCC Warden and Pauls Adams FCI Warden are using females staff to get away with their exposures, Harsh Abuse of Power and Authority.

It could be found that Ms. J. Ridenour, lied in the eyes of the video-tape in Education Department, on January 15 and February 26, 2020. It is an important tools for the administration to get away with wrongdoings, but there is also a great opportunity for them to express dislike, hate and racism against Associate Warden E. Garcia, through me, for being an Hispanic person doing his job.

This Sanction, as imposed unjustly in the UDC hearing by UDC committed J. Rivera and C. Magerko on 01/21/ 2020 and J. Rivera and D. Moyers on 03/04/ 2020 to Plaintiff (Read Exhibit B2) under those circumstances contravenes video-tape evidence which state in pertinent part that: Prisoners have the right to present evidences for their defense including video-tape evidence. It is a violation of Due Process to withhold or refuse to admit video-tape evidences during the prison disciplinary hearing process. The way to right wrong is to turn the light of truth upon them.

This is a continuing example of how this administration works together to impede Plaintiff rights and Abuse their Power and Authority. Such blatant actions are not only egregious but they are impeding Plaintiff right and ability to file his legal work. Same way they're putting this female' job at risk. Every staff member is being coerced to impede Plaintiff ability to report complaints, filing grievances of file a law-suit.

Attachment A

_____
_____
_____
_____

CLAIM 5: Ms. M. Thomplis allowing her staff in education to degrade Plaintiff in the eyes of the court, intentionally allowing her staff to act with prejudice in support of M.B. Antonelli and Park Adams irregularities. It is a violation of the Fourth, Fifth and Eighth Amendment of the U.S. Constitution.

Supporting Facts: _____

_____
"See Attachment"
Continued (page 1 of 15)

CLAIM 6: Ms. M. Bluenling. See Attachment Page 2 of 15

## VI.   INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured and the exact nature of your damages. Health Care Rights:

1) FCC Administration by and thru it's employees Denied and continue denying Plaintiff the right to be treated fairly, under the equal doctrine.

2) FCC administration, by and thru it's employees denied and continue denying Plaintiff the right to Health care.

3) FCC administration by and thru it's employees Denied and continue denying Plaintiff the right to use Inmate Grievance procedure without being targeted for Mailing use of this right. Initially administrative remedies. ID. 918649-R1 and ID. 939314-R2. (See attached)

## VII.   RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

Plaintiff hereby request defendant to pay the full fees in this case, as well as to order them to complete the financial affidavit in this case. Also request M.B. Antonelli, Park Adams, Ms. T. Ridenour, Ms. M. Thomplis and Ms. M. Bluenling to be terminated from the (FBOP) for abuse of power and authority to cover up M.B. Antonelli's Pandemic. A contagious virus of corruption, racism, etc, that has spread by asymptomatic staff and officers under his authority. Besides this Action should be running concurrent with case No. 3:20-cv-88. Plaintiff's not an habitual law-suit filer when it's the unconstitutional Actions of U.S. District court judge in (Wheeling Division) and their administrative "body" that is the cause of any action that illicits civil complaint warranting Judicial remedy for Plaintiff or any other inmate who is party to its arbitrary and capricious acts. Also order the secretary to accept my Telephone calls. It has been rejected by the secretary. Thanks.

CLAIM 5. M. THOMPKIS CONTINUED (PAGE 2 OF 2)

V. STATEMENT OF CLAIM.    Ms. M. Thompkis. Education Supervisor    Case N. 5:20-cv-50.

This evil means intent by Education supervisor Ms. M. Thompkis allowing her staff to degrade Plaintiff in the eyes of the court and others confined, intentionally allowing staff act with prejudice and corruptive misconduct by harassing, retaliating and obstructing Plaintiff from reporting complaints, filing grievances or file law-suit to cover up, support to justify a tremendous act committed toward Plaintiff and against the B.O.P.'s system rules by FCC Warden M.B. Antonelli and FCI Warden Paul Adams, using females staff to get away with exposures.

This failures by Education Supervisor Ms. M. Thompkis, to take corrective action to stop her staff in Education to cease harassing and interferring with inmate legal work is also an important tools in support of the administration.

I've been discriminated and treated with cruel and unusual treatment by staff in the Health, Education and Food Service Department under the authority and supervision of Associate Warden E. Garcia, only to discredit him by failing to take a corrective action as well as Ms. M. Thompkis.

It is regrettable to see how FCC Warden M.B. Antonelli, F.C.I Warden Paul Adams, are using females staff to get away with this Harsh, Abuse of Power and Authority, by putting this females' job at risk.

CLAIM 6: MS. M. BlueMling,   CONTINUED (PAGE 2 of 5)

CLAIM 6: Ms. Bluemling, inflammatory obstruction of Justice is an impeachable offence and can face serious consequences based in violation of the Fifth Amendment Due Process Rights. It punishes anyone who corruptly or by threats of force, retaliation, influence, obstruct, impede the Due Process Rights, most when it is done to cover up corruption and racism by the administration.

Supporting Facts: Plaintiff has suffered Mental and emotional distress, aggravation, annoyance and inconvenience and other damages toward him for standing in Education Department (library) doing his legal work, Due to Education Specialist Ms. M. Bluemling. 3ter inFlammatory harassment is so supported by the administration that remedy ID. NO. 1002753-A1, against her, went went thru Level I, II and III unanswered. After FCI Warden Paul Adams, refused to answer a (BP-9) on it and the Special Investigative Supervisor failed to take corrective actions against Ms. M. Bluemling.

Attachment A

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate.  Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at  <u>FCI HAZELTON, WV.</u>    on  <u>September 07, 2020</u>        .
                   (Location)                            (Date)

                                                        Your Signature

Attachment E

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

Lazaro Quininones-Cedeno.

*Your full name*

v.                                          Civil Action No.: 5:20-cv-198

M.B. Antonelli FCC Warden,

Paul Adams

E. Garcia. Associate Warden,

Ms. J. Ridenour. Education Specialist,
*Enter above the full name of defendant(s) in this action*

## Certificate of Service

I, Lazaro Quinones-Cedeno. (your name here), appearing *pro se*, hereby certify

that I have served the foregoing (Bivens Action) (title of

document being sent) upon the defendant(s) by depositing true copies of the same in the

United States mail, postage prepaid, upon the following counsel of record for the

defendant(s) on August 04, 2020 (insert date here):

(List name and address of counsel for defendant(s))

_____
(sign your name)