IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**LAZARO QUINONES-CEDENO,**

      Plaintiff,

v.                                                                  CIVIL ACTION NO.:  5:20-cv-198
                                                                     Judge Bailey

**M.B. ANTONELLI, et al.,**

      Defendants**.**

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR INJUNCTIONS**

**I.     INTRODUCTION**

On September 10, 2020, the *pro se* plaintiff, an inmate at Hazelton FCI in Bruceton Mills, West Virginia, filed the above-styled civil rights action pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). [Doc. 1]. On October 23, 2020, Plaintiff filed a "Motion for Consideration to Order an Injunction" which seeks an Order barring the administration and staff from further harassment and retaliation against him for filing complaints, filing grievances, or filing lawsuits. [Doc. 14].

In his motion, the plaintiff asserts his Unit Manager approached him and in a rude tone of voice said if he sent another email to Assistant Warden Keys about using the typewriter without letting her know first, she would break the typewriter and blame him for the damage.  In addition, he alleges that Warden Adams and Acting Unit Manager

Rosenberger refused to complete the financial affidavit in order to prevent him from forwarding the amended complaint in this matter.[1]

## II.    LEGAL STANDARD

The Fourth Circuit reviews "a district court's decision to grant a preliminary injunction under an abuse-of-discretion standard."  International Refugee Assistance Project v. Trump, 883 F.3d 233, 255 – 56 (4th Cir. 2018), as amended (Feb. 28, 2018).

The standard for granting injunctive relief was articulated by the United States Supreme Court which held in Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

> The plaintiff "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial."  A plaintiff seeking a preliminary injunction must establish that (1) she is likely to succeed on the merits, (2)

---

[1] The plaintiff's complaint was filed on September 10, 2020, together with a Motion for Leave to Proceed *in forma pauperis*, a consent to collection and a blank Prisoner Trust Fund Statement ("PTAR").  On that same date, the plaintiff was sent a Notice of Deficient Pleading which informed him that he had 21 days to submit ledger sheets. On September 30, 2020, the plaintiff requested an extension of time. The same was granted on October 1, 2020, and the plaintiff was directed to file a completed PTAR and ledger sheets by November 2, 2020.  The same were received on October 13, 2020. There is no indication on the docket that the plaintiff sought to file an amended complaint, and no additional financial information would have been required to file an amended complaint.

2

...

> she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest.

Int'l Refugee, 883 F.3d at 256 (citing WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009) (citing Winter, 555 U.S. at 7)).  This standard becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo.  See East Tennessee Natural Gas Co. v. Sage, 361 Fed 3d  808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief").

### III.   ANALYSIS

In regard to the plaintiff's motion for an injunction, it would appear that he cannot meet the four-part Winter test for issuance the same.  First, the plaintiff has not shown he is likely to succeed on the merits in regard to his claim.  "To state a claim for relief in an action brought under § 1983[2], [Plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999).  See Thomas v. The Salvation Army Southern Territory, 841 F.3d 632, 637 (2016).  The plaintiff claims that he has been subject to retaliation for

---

[2] The Court notes that Bivens actions and § 1983 actions are both civil rights actions, and that Bivens actions regarding deprivation of civil rights are the federal counterpart to state actions authorized by 42 U.S.C. § 1983.

complaining about his limited access to a typewriter at FCI Hazelton. However, he has not established that he meets the three-part test to demonstrate a colorable retaliation claim. In Martin v. Duffy, 858 F.3d. 239, 249 (4th Cir. 2017), *cert denied*, 138 S.Ct. 738 (2018), the Fourth Circuit held that "a plaintiff 'must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct.'" 858 F.3d at 249, *quoting* Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005). The plaintiff has not demonstrated that he can meet any of three parts of the Martin v. Duffy test in support of his claims.

Second, the plaintiff has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief. The plaintiff's broad claims that he was retaliated against because he complained about typewriter access and staff interaction about his complaints, does not demonstrate that he engaged in First Amendment activity, that defendants took action that adversely affected his First Amendment rights, and that there was a causal relationship between his protected activity and the defendant's conduct. Moreover, the plaintiff has failed to demonstrate that he is likely to suffer irreparable harm in the absence of injunctive relief.

Third, the plaintiff has failed to show that the balance of equities tips in his favor. Despite his allegations of harm, the Plaintiff has submitted no documents to support his claims that his constitutional rights were violated.

Finally, the plaintiff has not demonstrated that an injunction is in the public interest. The plaintiff has raised no specific grounds which concern the public interest.

Accordingly, the plaintiff has not demonstrated that the public interest requires the injunction he seeks.

Because the plaintiff is unable to meet any of the four parts of the Winter test for issuance of an injunction in relation to his motion for an injunction, the same is not warranted. Moreover, to the extent that the plaintiff's motion seeks to mandate action by the defendants, he has failed to demonstrate that he is entitled to extraordinary relief because he has failed to demonstrate that the exigencies of the situation demand such relief.

## IV.   RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the plaintiff's Motion seeking a preliminary injunction **[Doc. 14]** be **DENIED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas

v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: January 25, 2021

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE