**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**LAZARO QUINONES-CEDENO,**

Plaintiff,

v.  **CIVIL ACTION NO. 5:20-CV-198**
Judge Bailey

**M.B. ANTONELLI, et al.,**

Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Doc. 24]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on January 25, 2021, wherein he recommends the Motion for Consideration to Order an Injunction [Doc. 14] be denied. For the reasons that follow, this Court will adopt the R&R.

## I. BACKGROUND

On September 10, 2020, the *pro se* plaintiff, who is an inmate at FCI Hazelton in Bruceton Mills, West Virginia, filed the above-styled civil rights action pursuant to ***Bivens v. Six Unkown Agents of Federal Bureau of Narcotics***, 403 U.S. 388 (1971). *See* [Doc. 1]. On October 23, 2020, plaintiff filed a Motion for Consideration to Order an Injunction [Doc. 14],

1

wherein he seeks an Order barring the prison administration and staff from further harassment and retaliation against him for filing complaints, grievances, and lawsuits. [Id.].

Specifically, plaintiff alleges his Unit Manager acted rudely toward him, refused access to the prison library typewriter, and threatened to break the typewriter and frame plaintiff for the damage. [Id.]. Additionally, plaintiff alleges that Warden Adams and Acting Unit Manager Rosenberger refused to complete plaintiff's financial affidavit in order to prevent him from forwarding the amended complaint in this matter. [Id.].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where

2

none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Plaintiff filed his Objections to the R&R [Doc. 28] on February 10, 2021. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## III. DISCUSSION

The standard for granting injunctive relief was articulated by the Supreme Court of the United States, which held in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

> The plaintiff "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial." A plaintiff seeking a preliminary injunction must establish that (1) [he] is likely to succeed on the merits, (2) [he] is likely to suffer irreparable harm in the absence of preliminary relief, (3) the

balance of equities tips in [his] favor, and (4) an injunction is in the public interest.

*Int'l Refugee*, 883 F.3d at 256 (citing *WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave*, 553 F.3d 292, 298 (4th Cir. 2009) (citing *Winter*, 555 U.S. at 7)). This standard becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo. *See East Tenn. Natural Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004) (quoting *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980)). For the reasons articulated below, plaintiff cannot satisfy the four-part *Winter* test.

### A. Success on the Merits

First, plaintiff has not shown he is likely to succeed on the merits in regard to his § 1983 claim. "To state a claim for relief in an action brought under § 1983[1], [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *see also Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (2016).

Here, plaintiff claims he has been subject to retaliation for complaining about his limited access to a typewriter at FCI Hazelton. *See* [Doc. 1]. However, he has failed to establish that he meets the three-part test to demonstrate a colorable retaliation claim. In *Martin v. Duffy*,

---

[1]This Court notes that *Bivens* actions and § 1983 are both civil rights actions, and that *Bivens* actions regarding deprivation of civil rights are the federal counterpart to state actions authorized by 42 U.S.C. § 1983.

4

858 F.3d 239, 249 (4th Cir. 2017), *cert denied*, 138 S.Ct. 738 (2018), the Fourth Circuit held that "a plaintiff 'must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct.'" 858 F.3d at 249 (quoting ***Constantine v. Rectors & Visitors of George Mason Univ.***, 411 F.3d 474, 499 (4th Cir. 2005)). Plaintiff offers no meaningful argument in support of his position that limited access to a typewriter constitutes a colorable retaliation claim in either his Motion for Consideration to Order an Injunction [Doc. 14] or his Objections to the R&R [Doc. 28].

### B.    Irreparable Harm

Similarly, plaintiff has failed to demonstrate that he is likely to suffer irreparable harm in the absence of preliminary relief. Instead, plaintiff offers unsubstantiated, broad claims that he was retaliated against because he complained about typewriter access. *See* [Doc. 1]. However, plaintiff offers no argument in support that he engaged in First Amendment activity, that defendants took action that adversely affected his First Amendment rights, or that there was a causal relationship between his protected activity and the defendant's conduct. Further, plaintiff offers nothing evidencing he is likely to suffer irreparable harm in the absence of injunctive relief.

### C.    The Balance of Equities

Plaintiff offers no substantiated evidence in his Motion for Consideration to Order an Injunction [Doc. 14] that the balance of equities tips in his favor.

### D. The Public Interest

Finally, plaintiff has offered no evidence supporting that an injunction in this matter is in the public interest. In fact, he has raised no specific grounds which concern the public interest at all.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 24]** should be, and is, hereby **ORDERED ADOPTED** for the reasons stated herein. Accordingly, the plaintiff's objections **[Doc. 28]** are **OVERRULED**. Accordingly, plaintiff's Motion for Consideration to Order an Injunction **[Doc. 14]** is **DENIED**. For the reasons stated above, the Motion to Appoint Counsel **[Doc. 7]** is **DENIED**. Further, plaintiff's Motion for Leave to File Excess Pages **[Doc. 27]** is **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: March 1, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

6